LAW OFFICE OF HUGH W. FLEISCHER, LLC
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
(907) 264-6635   FAX (907) 264-6602
E-Mail: hfleisch@aol.com

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

TAMMY PARTEE,

    Plaintiff,

vs.

EVERGREEN INTERNATIONAL AVIATION, INC.

    Defendant.

CASE NO: 3AN-10-4597 CIV.

## COMPLAINT

The plaintiff Tammy Partee ("Partee") by and through her attorney of record, Hugh W. Fleischer, brings this action against defendant Evergreen International Aviation, Inc. ("Evergreen") as follows:

1. Plaintiff, Tammy Partee resides in the Third Judicial District of Alaska.

2. At all times mentioned in this complaint, defendant, Evergreen is a for-profit corporation, incorporated in the State of Alaska and licensed to do business in Alaska.

Exhibit B

Page 1 of 7 Pages

LAW OFFICE OF HUGH W. FLEISCHER, LLC
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
(907) 264-6635  FAX (907) 264-6602
E-Mail: hfleisch@aol.com

3. Plaintiff, Partee, was employed on or about December 10, 2007, as an Administrator/Human Resources Assistant by defendant Evergreen in the Third Judicial District of Alaska, until her termination on or about January 28, 2008.

4. This action is brought, in part, pursuant to AS 09.10.070 with Jurisdiction of this court based on AS 22.10.020 (a) & (i).

## FIRST CLAIM FOR RELIEF

5. Plaintiff incorporates herein by reference all foregoing allegations as if fully rewritten herein.

6. Throughout Partee's employment as defendant Evergreen's employee, defendant Evergreen's management employees, including Partee's supervisor, created a hostile environment, when Partee, on or about January 25, 2008, was dealing with her supervisor, the latter forcefully grabbed Ms. Partee's right arm and scratched her right forearm. This attack was wholly unprovoked.

7. Plaintiff Partee alleges that the conduct of defendant Evergreen, as described in this complaint, would have been offensive to any person. Plaintiff did not violate the policies or procedures of Evergreen,

8. Plaintiff Partee was falsely accused by a supervisor, who claimed that Ms. Partee was "insubordinate.". All of the persons present at the office can attest that there was no such insubordination by Ms. Partee.

9. Defendant's conduct as described in this complaint was malicious and was intended to oppress, humiliate and denigrate plaintiff Partee and was totally without justification. Plaintiff Partee further alleges that the conduct of defendant's agents in insulting, embarrassing and mistreating plaintiff was done in the course and scope of carrying out official duties for Evergreen and was only possible due to defendant's Managers' respective status.

10. As a result of defendant's unlawful conduct as alleged in this complaint, plaintiff Partee was discharged from employment by Evergreen on or about January 28, 2008, has lost substantial employment benefits, including lost wages, pension benefits and other losses, in an amount in excess of $50,000, the precise amount of which will be proven at the time of trial.

11. As a further direct and proximate result of defendant's unlawful conduct, plaintiff Partee has suffered extreme and severe anguish, humiliation, emotional distress, tension, anxiety, and depression, the extent of which is not

LAW OFFICE OF HUGH W. FLEISCHER, LLC
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
(907) 264-6635   FAX (907) 264-6602
E-Mail: hfleisch@aol.com

fully known at this time and the amount of damages caused thereby is not yet fully ascertained but is in an amount in excess of $100,000, the precise amount to be proven at the time of trial.

SECOND CLAIM FOR RELIEF

12.  Plaintiff incorporates herein by reference all foregoing allegations as if fully rewritten herein.

13.  Defendant Evergreen's wrongful discharge and the other conduct described in the above claim were acts constituting a tort of intentional interference with contractual relations.

14.  (a) Plaintiff Partee and Evergreen had an employment contract (b) Evergreen knew of the said contract and intended to induce a breach thereof (c) the contract was breached (4) Evergreen's wrongful conduct engendered the breach (5) the breach caused the plaintiff's damages and (6) Evergreen's conduct was not privileged or justified.

THIRD CLAIM FOR RELIEF

15. Plaintiff incorporates herein by reference all foregoing allegations as if fully rewritten herein.

16.  The actions of Evergreen up to and including the discharge constituted the tort of intentional infliction

of emotional distress.

17. (a) The conduct was extreme and outrageous (b) the conduct was intentional and reckless (c) the conduct caused plaintiff to be inflicted with emotional distress and (d) such distress is severe.

FOURTH CLAIM FOR RELIEF

18. Plaintiff incorporates herein by reference all foregoing allegations as if fully rewritten herein.

19. Throughout Partee's employment, she performed her job responsibilities with proficiency and otherwise in an exemplary manner, meeting standards well above the employment contract provisions.

20. Notwithstanding the facts set out in Paragraph 19 above, Evergreen breached the contract by falsely accusing Ms. Partee of being insubordinate and causing her discharge.

22. The actions taken against Ms. Partee were in violation of defendant Evergreen's covenant of good faith and fair dealing as required under the Law of Alaska. *Charles v. Interior Regional Housing Authority*, 55 P.3d 57 (Alaska, 2002); *Finch v. Greatland Foods, Inc.*, 21 P.3d 1282 (Alaska, 2001), and thereby renders the defendant Evergreen liable for

back and front pay, and compensatory damages.

WHEREFORE, plaintiff Tammy Partee requests judgment against defendant, Evergreen International Aviation, Inc., for:

1. Immediate restoration of all of her benefits, monetary compensation and accommodations;

2. Compensatory damages, including lost wages, pension benefits and other benefits, in excess of $100,000 and according to proof;

3. Compensatory damages, for the intentional and outrageous conduct inflicted on plaintiff, including the intentional infliction of emotional distress and intentional interference with contractual relations, in excess of $100,000 and according to proof;

3. Attorney fees and costs;

4. Prejudgment interest on all amounts claimed; and

5. Such other and further relief as the court considers just and proper.

6

Exhibit B
Page 6 of 7 Pages

LAW OFFICE OF HUGH W. FLEISCHER, LLC
310 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
(907) 264-6635   FAX (907) 264-6602
E-Mail: hfleisch@aol.com

DATED at Anchorage, Alaska, this 22nd day of January, 2010.

LAW OFFICES OF HUGH W. FLEISCHER, LLC
Attorneys for Plaintiff

By: _____
Hugh W. Fleischer
Alaska Bar # 7106012

9618\500

7

Exhibit B
Page 7 of 7 Pages